IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

QUYEN BA NGUYEN,

Petitioner,

v.

FERETI SEMAIA, *et al*.,

Respondents.

Case No. 5:26-cv-02758-RAO

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

I.    **INTRODUCTION**

On May 21, 2026, Quyen Ba Nguyen ("Petitioner"), represented by counsel, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition") against Markwayne Mullin, Secretary, U.S. Department of Homeland Security; Todd Lyons, Acting Director of Immigration and Customs Enforcement ("ICE"); ICE Enforcement and Removal Operations; Field Office Director; Fereti Semaia, Warden, Adelanto Detention Center; and DOES 1–10 (collectively, "Respondents"). Dkt. No. 1 ("Pet.").

On May 26, 2026, the matter was assigned to the undersigned for final disposition. *See* Dkt. Nos. 3, 6.

///

Petitioner claims, *inter alia*, that his current detention at the Desert View Facility in Adelanto, California violates the Fifth Amendment's Due Process Clause. *See generally* Pet.  Petitioner requests immediate release from immigration custody. *Id.* at 12–13.  Respondents oppose the Petition, arguing that the Court lacks jurisdiction to review the immigration judge's ("IJ") bond decision and that Petitioner failed to exhaust administrative remedies.  *See generally* Dkt. No. 8 ("Ans.").

Because Petitioner failed to exhaust administrative remedies and Petitioner has failed to establish any valid exception to the exhaustion requirement, the Court DISMISSES the Petition WITHOUT PREJUDICE.

## II.    BACKGROUND

Petitioner is a native and citizen of Vietnam, presently in immigration detention.  Pet. ¶¶ 35, 59.  Petitioner entered the United States in 1982 and subsequently became a lawful permanent resident.  *Id.* ¶ 36; Pet. Ex. C at 2.

On February 12, 2007, Petitioner was convicted of Conspiracy to Possess with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. §§ 846, 841(a)(1).  *See* Pet. ¶ 39; Pet. Ex. C at 2–3.  The government "continued recognizing Petitioner's lawful permanent resident status following the conviction."  Pet. ¶ 42.

After traveling to Vietnam, Petitioner returned to the United States by way of his lawful permanent resident status.  *Id.* ¶ 44; Ans. at 2.  In February 2025, Petitioner returned through Los Angeles International Airport, and Customs and Border Protection initially detained Petitioner briefly for inspection but thereafter released him on deferred inspection.  Pet. ¶¶ 44–46; Pet. Ex. C at 2.

On October 14, 2025, the government re-detained Petitioner.  *See* Pet. ¶ 52; *see* Pet. Ex. C.  Petitioner states that he appeared for deferred inspections appointments and did not evade immigration authorities.  Pet. ¶¶ 48–51.  Petitioner explains that he "spent virtually his entire life in the United States," and Petitioner's "family employment history, community ties, and entire support system are located

within the United States." *Id.* ¶¶ 5–6, 37.

The government provided Petitioner an individualized bond hearing, and the IJ denied bond. *Id.* ¶¶ 53–56; Pet. Ex. E. Specifically, the immigration judge concluded that the government met its burden by clear and convincing evidence to establish that Petitioner is a flight risk.[1] *Id.* Petitioner had the benefit of counsel at the bond hearing and reserved appeal to the Board of Immigration Appeals ("BIA"). *Id.*; Ans. at 1. Petitioner has not filed an appeal to the BIA regarding his bond denial. *Id.*

The publicly available ICE records indicate that Petitioner is currently detained at the Desert View Facility in Adelanto, California.

## III.  **LEGAL STANDARD**

A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). The statute does not require a person to be physically imprisoned to be in custody; rather, habeas relief is available where the person is subject to "restraints not shared by the public generally." *Jones v. Cunningham*, 371 U.S. 236, 240 (1963).

## IV.  **DISCUSSION**

On May 21, 2026, Petitioner, represented by counsel, filed the instant Petition against Respondents. *See generally* Pet. Petitioner claims, *inter alia*, his current detention violates the Fifth Amendment's Due Process Clause. *See id.* ¶¶ 76–94. Petitioner asserts that Respondents failed to establish that Petitioner is dangerous and that his "nearly twenty-year-old conviction does not justify continued excessive detention." *Id.* ¶¶ 79–80. Petitioner contends that due process entitles him to release

---

[1] The Court notes that the IJ states that "the Court finds the Department has not established by clear and convincing evidence that the respondent is a danger." Pet. Ex. E at 1. However, the IJ denied bond and subsequently stated that "[t]hus, the Court finds that the Department has established by clear and convincing evidence, that the respondent is a flight risk." *Id.* at 1–2.

3

because his continued detention "rests primarily upon speculative assumptions," and "[a]nother custody hearing would not cure the constitutional violation." *Id.* ¶¶ 91–94.

On May 28, 2026, Respondents filed an Answer to the Petition ("Answer"). *See* Ans. Respondents argue that the Petition should be denied because the Court lacks jurisdiction to review custody determinations and bond decisions. Ans. 3–4. Respondents further argue that Petitioner failed to exhaust his administrative remedies and that excusing that failure is not appropriate. *Id.* at 4–5. Respondents also argue that Petitioner received a legally adequate *Rodriguez* bond hearing where the burden was squarely on DHS by a standard of clear and convincing evidence, therefore, his request for immediate release is moot. *Id.* at 2–3.

Petitioner filed a Traverse to Respondents' Answer to his Petition for Writ of Habeas Corpus ("Reply") on May 28, 2026. Dkt. No. 9 ("Reply"). In his Reply, Petitioner argues that Respondents' arguments regarding "mootness, jurisdiction, and exhaustion fail because they incorrectly assume that the *Rodriguez* hearing itself automatically cured any constitutional concerns." *Id.* at 2. Petitioner argues that "[f]ederal courts have long exercised habeas jurisdiction over challenges to executive detention" and that "his continued detention violates due process notwithstanding the prior *Rodriguez* hearing." *Id.* at 3, 5. Petitioner further contends that exhaustion—a prudential requirement—should be excused because "[r]equiring Petitioner to remain detained while pursuing additional administrative proceedings would undermine the very purpose of habeas relief." *Id.* at 6.

For the reasons set forth below, the Court DISMISSES the Petition WITHOUT PREJUDICE.

///

///

///

4

### A.     The Court has Jurisdiction

Petitioner argues that this Court has jurisdiction over the present action based on 28 U.S.C. § 2241 and 28 U.S.C. § 1331.  Pet. ¶ 29.  As noted, Respondents argue that the Court lacks jurisdiction to overturn the immigration judge's bond determination because challenges to the sufficiency of a bond hearing are reserved for the BIA.  *See* Ans. at 3–4.  More specifically, Respondents argue that the immigration judge's bond determination was discretionary and thus there is no jurisdiction for Petitioner to contest it under § 1226(e).  *Id.*

As the Court has an obligation "to determine that [it has] jurisdiction before proceeding to the merits" of any case, it will first address whether it has jurisdiction over Petitioner's claims.  *Lance v. Coffman*, 549 U.S. 437, 439 (2007); *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998).  Although federal courts generally lack jurisdiction to review discretionary bond determinations, 8 U.S.C. § 1226(e) does not preclude judicial review of constitutional claims or questions of law.  *Martinez v. Clark*, 124 F.4th 775, 781–82 (9th Cir. 2024).  Rather, § 1226(e) "restricts jurisdiction only with respect to the executive's exercise of discretion," but such discretionary decisions do not include constitutional claims or questions of law. *Id.*  The Ninth Circuit has held that, under *Wilkinson v. Garland*, 601 U.S. 209 (2024), the issue of a noncitizen's "dangerousness" is a "reviewable mixed question" of law and fact.  *Martinez*, 124 F.4th 783–84 (review of the BIA's "dangerousness" determination is reviewable for abuse of discretion).  Similarly, whether prolonged detention is lawful presents a question of law, and § 1226(e) does not "limit habeas jurisdiction over constitutional claims or questions of law." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citations omitted).

The essence of Petitioner's due process claims are that the IJ found Petitioner to be dangerous based on a constitutionally deficient process, and that his continued detention is unlawful because it is not reasonably related to removal and is founded

on "speculative assumptions." *See* Pet. ¶¶ 76–94. These contentions present at least mixed questions of law and fact, which are reviewable under *Martinez v. Clark*, notwithstanding § 1226(e). *See Martinez*, 124 F.4th 783–84. Other district courts have rejected similar arguments that § 1226(e) bars the exercise of jurisdiction. *See Kharis v. Sessions*, No. CV 18-4800-JST, 2018 WL 5809432, at *4 (N.D. Cal. Nov. 6, 2018) (collecting cases); *see also W.T.M. v. Bondi*, No. CV 25-2428-RAJ (BAT), 2026 WL 262583, at *1 (W.D. Wash. Jan. 30, 2026) (concluding that Section 1226(e) did not divest the district court of its subject-matter jurisdiction over the petitioner's claim because the petitioner was "challenging whether the IJ provided him with a bond hearing that comports with the constitutional due process protections to which he is entitled" rather than "challenging the IJ's discretionary judgment").

In sum, the Court has jurisdiction.

### B.      Petitioner Failed to Exhaust his Administrative Remedies

Administrative exhaustion is not statutorily mandated under § 2241, but prudential exhaustion may be required when

(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (citation omitted). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo*, 646 F.3d at 1160.

///

Administrative exhaustion may be waived when "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004). "The party moving the court to waive prudential exhaustion requirements bears the burden of demonstrating that at least one of these *Laing* factors applies." *Chavez v. Noem*, 801 F. Supp. 3d 1133, 1139 (S.D. Cal. 2025) (citation omitted).

As a general matter, when a detainee has received a bond hearing before an IJ, the detainee may appeal the IJ's decision to the BIA if not satisfied with the outcome. *See Leonardo*, 646 F.3d at 1160. "If they remain dissatisfied, they may file a petition for habeas corpus in the district court." *Id.* (citation omitted). Petitioners should "exhaust[] administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision." *Id.*; *see Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 819 (9th Cir. 2003) ("[A] petitioner must exhaust administrative remedies before raising the constitutional claims in a habeas petition when those claims are reviewable by the BIA on appeal[.]").

Prudential exhaustion applies here. Petitioner had the option to appeal his bond denial to the BIA and has failed to do so. *See* Ans. at 1; Reply at 6. For the reasons set forth below, the prudential exhaustion factors weigh in favor of requiring exhaustion.

First, because Petitioner is challenging the IJ's application of the dangerousness factors and the sufficiency of the evidence supporting the bond denial, BIA review is needed to establish a proper record and reach a proper decision. *See Hernandez*, 872 F.3d at 988.

Second, Petitioner filed this petition before seeking BIA review. Reviewing Petitioner's claims before the BIA's review would allow Petitioner to obviate the administrative process and would "disrupt the agency's autonomy and result in

unnecessary judicial review of unexhausted claims." *Matevosyan v. Warden, Desert View Annex Det. Facility*, No. CV 24-1570-PA (DFM), 2025 WL 978153, at *4 (C.D. Cal. Feb. 24, 2025) (citations omitted), *report and recommendation adopted*, 2025 WL 975009 (C.D. Cal. Mar. 31, 2025).

Third, the BIA is likely capable of correcting the error alleged to have occurred in Petitioner's bond hearing. Here, Petitioner contends that the "procedures utilized to justify Petitioner's continued detention are constitutionally inadequate." Pet. ¶ 87. Petitioner argues that the IJ gave too much weight to his "nearly twenty-year-old conviction." *Id.* ¶ 80. The BIA is capable of reviewing the evidence and determining whether the IJ applied the dangerousness factors properly, considered all the evidence, and found correctly that the government carried its evidentiary burden. *See Doe v. Becerra*, No. CV 25-647-DJC (DMC), 2025 WL 1233883, at *4 (E.D. Cal. Apr. 29, 2025); *see also Aden v. Nielsen*, No. C18-1441-RSL, 2019 WL 5802013, at *2 (W.D. Wash. Nov. 7, 2019) ("[T]he BIA is capable of re-assessing the evidence and determining whether the government has carried its burden of demonstrating by clear and convincing evidence that [petitioner] is a current danger and must be detained."). Although Petitioner contends that his continued detention is unconstitutional under the Fifth Amendment, that claim ultimately turns on whether the IJ applied the correct standard and properly found that the government carried its evidentiary burden when denying bond. If the BIA determines that the IJ improperly denied bond, Petitioner could ultimately be released on bond. Consequently, although the BIA cannot directly review the constitutionality of an IJ's determination, BIA review may provide the relief that Petitioner seeks.

In sum, prudential exhaustion applies.

///

///

///

8

## C. Waiver of Prudential Exhaustion is not Warranted

Waiver of the exhaustion requirement is not warranted. Petitioner does not establish that his appeal to the BIA would be inadequate, futile, or void. Petitioner argues that exhaustion should be waived because he challenges the constitutionality of detention itself and that each day of continued detention constitutes a continuing injury warranting habeas relief and that his ongoing detention constitutes irreparable harm. *See* Reply at 6.

As to irreparable harm, Petitioner does not establish that his irreparable harm is sufficiently weighty for the Court to excuse exhaustion requirements. *See generally* Reply. Since the Court can excuse exhaustion in only "exceptional circumstances," *see Cabaccang v. U.S. Citizenship and Immigr. Servs.*, 627 F.3d 1313, 1316 (9th Cir. 2010), the Court cannot excuse exhaustion here based on the few facts and conclusory arguments that Petitioner submits. *See* Reply at 6. Further, Petitioner submits no allegation or evidence identifying what particular harms he might suffer while awaiting agency review of his claim. Petitioner fails to make the requisite individualized showing of irreparable harm to warrant waiver of exhaustion in this case. *See Zuo v. Hermosillo*, No. CV 26-708-JHC, 2026 WL 809882, at *2 (W.D. Wash. Mar. 24, 2026) ("Petitioner says that a bond appeal routinely takes a significant amount of time to resolve, but he has not shown that his detention pending appeal constitutes irreparable harm sufficient to waive the exhaustion requirement."); *contra W.T.M. v. Bondi*, No. CV 25-2428-RAJ (BAT), 2026 WL 262583, at *3 (W.D. Wash. Jan. 30, 2026) ("Petitioner has presented evidence unique to him, that…supports a finding that his continued detention pending a potentially months-long BIA appeal of the IJ's bond denial decision would risk continued irreparable harm.").

///

///

9

As to futility, Petitioner has not proffered evidence that the BIA has adjudicated a case with facts closely resembling Petitioner's, so it is not obvious to the Court that an appeal would be futile. *See Aden*, 2019 WL 5802013 at *3 ("Petitioner has not demonstrated that the BIA has a specific policy of affirming IJs' bond decisions and has therefore not shown that appeal would be futile."). The Court therefore follows other courts in this Circuit and declines to waive the exhaustion requirement. *See Puga v. Chertoff*, 488 F.3d 812, 816 (9th Cir. 2007) ("Consequently, because Gama Puga could, and should have, exhausted his ineffective assistance of counsel claim by filing a timely motion to reopen with the BIA when he retained new counsel, his habeas petition was not properly before the district court."); *Laing*, 370 F.3d at 1000 ("Indeed, the district court's habeas jurisdiction under 28 U.S.C. § 2241 is ordinarily reserved for instances in which no other judicial remedy is available." (citation omitted)); *Leonardo*, 646 F.3d at 1160 ("Here, Leonardo pursued habeas review of the IJ's adverse bond determination before appealing to the BIA. This short cut was improper."); *Nagiyev v. Warden*, Otay Mesa Det. Ctr., No. CV 25-3744-JLS (MPP), 2026 WL 945965, at *2 (S.D. Cal. Apr. 7, 2026) ("The Court follows other courts in this District and declines to waive the exhaustion requirement. Therefore, Petitioner has failed to exhaust his administrative remedies, and the present challenge is improper."); *Yu v. Noem*, No. CV 25-2040-DJC (AC), 2026 WL 1042213, at *3 (E.D. Cal. Apr. 17, 2026) (similar).

Thus, the Court will not review the IJ's bond determination. Although the Court may stay the proceedings rather than dismiss the petition, the Court declines to do so because Petitioner has not asked for a stay and given the state of the Petition and other filings, the Court likely would have to order further briefing to assess properly Petitioner's claims. In sum, the Court finds that exhaustion of administrative remedies is required in this case and that petitioner has failed to

establish any valid exception to the exhaustion requirement.[2]

## V.   CONCLUSION

For the foregoing reasons, Petitioner's Petition for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE for failure to exhaust the administrative remedies.

DATED: June 10, 2026

/s/
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] Because exhaustion of administrative remedies applies, the Court declines to discuss the parties' remaining arguments.